1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

YUE NA WU,                                  )   Case No. CV 12-3751-JFW (OP)
                                            )
                        Petitioner,         )   ORDER RE: DISMISSAL OF HABEAS
                                            )   CORPUS PETITION FOR FAILURE TO
              v.                            )   PROSECUTE
                                            )
ERICA G. SALDANA, Acting                    )
Deputy Field Director,                      )
                                            )
                        Respondent.         )
_____            )

## I.

## PROCEEDINGS

On May 1, 2012, Yue Na Wu ("Petitioner") filed a Petition for Writ of
Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241
("Petition") in which he sought his release from the custody of the United States
Department of Homeland Security, Immigration and Customs Enforcement. (ECF
No. 1.) On July 31, 2012, Respondent filed a Notice of Removal from United
States and Suggestion of Mootness. (ECF No. 5.) In response, on August 8, 2012,
the Court ordered Petitioner to notify the Court of his current address and
telephone number, if any, in compliance with Local Rule 41-6 no later than
August 22, 2012. The Court admonished Petitioner that his failure to do so may
result in the dismissal of this action without prejudice for failure to prosecute.

1  (ECF No. 6.)  On August 17, 2012, the minute order was returned to the Court as
2  undeliverable.  To date, Petitioner has not informed the Court of his current
3  address and has not otherwise communicated with the Court.

4         For the reasons set forth below, the Court dismisses the current Petition
5  without prejudice for failure to prosecute.

6                                              **II.**

7                                      **DISCUSSION**

8         It is well established that a district court has authority to dismiss a plaintiff's
9  action because of his or her failure to prosecute or to comply with court orders.
10 <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30, 82
11 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for
12 lack of prosecution is necessary to prevent undue delays in the disposition of
13 pending cases and to avoid congestion in the calendars of the district courts);
14 <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district
15 court may dismiss an action for failure to comply with any order of the court).

16        Local Rule 41-6 of the United States District Court for the Central District
17 of California, as amended January 1, 2010,  provides as follows:

18        **Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of**
19        **Current Address.**  A party proceeding pro se shall keep the Court
20        and opposing parties apprised of such party's current address and
21        telephone number, if any, and e-mail address, if any.  If mail directed
22        by the Clerk to a pro se plaintiff's address of record is returned
23        undelivered by the Postal Service, and if, within fifteen (15) days of
24        the service date, such plaintiff fails to notify, in writing, the Court and
25        opposing parties of said plaintiff's current address, the Court may
26        dismiss the action with or without prejudice for want of prosecution.

27        Here, Petitioner has failed to notify the Court of his current address within
28 fifteen days of the service date of the undelivered notice described above as

                                              2

1  required by Local Rule 41-6. In affirming the district court's dismissal of a case

2  for failure to prosecute, the Ninth Circuit has observed that "[i]t would be absurd

3  to require the district court to hold a case in abeyance indefinitely just because it is

4  unable, through the plaintiff's own fault, to contact the plaintiff to determine if his

5  reasons for not prosecuting his lawsuit are reasonable or not." Carey v. King, 856

6  F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to keep the Court apprised of

7  his current address renders this case indistinguishable from Carey.

8      The Ninth Circuit has also cited the following factors as relevant to the

9  district court's determination of whether dismissal of a pro se plaintiff's action is

10 warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the

11 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

12 the public policy favoring disposition of cases on their merits, and (5) the

13 availability of less drastic sanctions." Id. at 1440.

14     Here, Petitioner has failed to inform the Court of his current address and has

15 not otherwise communicated with the Court. Petitioner's conduct hinders the

16 Court's ability to move this case toward disposition and indicates that Petitioner

17 does not intend to litigate this action diligently. Thus, the first two factors weigh

18 in favor of dismissal.

19     Next, a rebuttable presumption of prejudice to defendants arises when a

20 plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d

21 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is

22 unwarranted here. Thus, the third factor also weighs in favor of dismissal.

23     It is a plaintiff's responsibility to move a case toward a disposition at a

24 reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan

25 Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this

26 responsibility. In these circumstances, the public policy favoring resolution of

27 disputes on the merits does not outweigh Petitioner's failure to inform the Court of

28 his current address. Thus, the fourth factor weighs in favor of dismissal.

1    Finally, the Court attempted to avoid dismissal by granting Petitioner time
2   to respond to comply with Local Rule 41-6 and by cautioning him that the failure
3   to do so "may result in the dismissal of this action without prejudice for failure to
4   prosecute." Petitioner has not informed the Court of his current address and has
5   not otherwise communicated with the Court. Thus, the fifth factor weighs in favor
6   of dismissal.

7    Based on the foregoing, the Court concludes that dismissal of the Petition
8   without prejudice for failure to prosecute is warranted.

### III.

### ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed
without prejudice for failure to prosecute, and Judgment shall be entered
accordingly.

DATED: _____9/4_____, 2012

HONORABLE JOHN F. WALTER
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

4